# ANTHONY L. RICCO
*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919  FAX. (212) 791-3940

May 2, 2008

**FILED BY E.C.F.**

Hon.  Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York   10007

>       Re:  **United States v. Frankie Torres**
>            Docket No.  07  Cr.  957 (RJS)

Dear Judge Sullivan:

     The above captioned matter is presently scheduled for sentencing on Tuesday, May 6, 2008.  This letter is submitted pursuant to Rule 32(b)(6) of the Federal Rules of Criminal Procedure, as the defendant's objections to the presentence investigation report dated March 4, 2008, and for a sentencing recommendation.  The defendant request that the court impose a sentence within the agreed upon guideline range.

## I.  The Plea Agreement

     On January 4, 2008, the defendant Frankie Torres pled guilty before this court, pursuant to a plea agreement with the government, and allocuted to count one, conspiracy to commit bank fraud in violation to 18 U.S.C. §  1349 and count two, bank fraud in violation of 18 U.S.C. § 1344 and 2.

     In the plea agreement, the parties agreed that counts one and two are grouped pursuant to Guidelines § 3D1.2(a) and provides a base offense level of 7, pursuant to Guidelines § 2B1.1(a)(1)(B).   Since the offense involved an intended loss of more than $70,000, but not more than $120,000, the offense level is increase by 7 levels.  See, Guidelines § 2B1.1 (a)(1)(B).   The agreement also provided for a two (2) level reduction for acceptance of responsibility pursuant to Guideline §3E1.1(a).   The above calculation results in a total offense of 13.

     With a Criminal History Category I, and an offense level of 13, the resulting sentence range in the plea agreement is 12 to 18 months.

## II.  Presentence Investigation Report

The Guideline calculation in the P.S.R. is in complete accordance with the written plea agreement.  See, P.S.R., ¶¶ 18 through 27, pages 5 to 6.  The P.S.R. concluded that the applicable offense level is 13 with a criminal history of I, the applicable guideline range under count one is 12 to 18 months.  See, P.S.R., ¶ 66, page 13.

The P.S.R. also recognizes that, pursuant to 18 U.S.C. § 3663, restitution is mandatory in the amount of $70,000.00.

## III.  Sentencing Recommendation

The defendant requests that the court impose a sentence at the lower and of the stipulated guideline range in the plea agreement; to wit: a sentence of 12 months and one (1) day.  In addition, the defendant requests that he receive jail time credit towards his federal sentence for the time he has spent in federal custody, since he was presented in the United States District Court by way of a writ of habeas corpus ad prosequendum.

In the post-*Booker* era, the imposition of the guidelines are no longer mandatory.  While the sentencing guidelines are no longer mandatory, the court is nevertheless required to consider the guidelines range and render a guideline analysis before making its ultimate sentencing determination.  See, *United States v. Booker*, 534 U.S. 220, 245-246 (2005)[1].  This court now has the discretion, in appropriate cases, to "impose a sentence sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  See, 18 U.S.C. § 3553 (a).

Of the various factors for the court to consider in 18 U.S.C. § 3553(a), the nature and circumstances of the offense, along with the background and history of the defendant, are the factors which ensure the Supreme Court's concern that sentencing reflect an individual assessment of the offender.  See, *Gall v. United States*, 128 S.Ct. 586 (2007).

Under the facts of this case, Frankie Torres stands behind his agreement that a sentence of 12 to 18 months constitutes such a sentence.

1.  <u>Background and History of the Defendant</u>

As the court is aware, the defendant is a 33 year old offender, who until age 31, had been able to avoid any contact with law enforcement.  The defendant, who grew

---

[1] After *Booker*, a sentencing court may impose a sentence other than that recommended by the Guidelines if, in its discretion, the sentencing find that the statutory regime of 18 U.S.C.§ 3553(a) warrants such a sentence.

up in the East New York section Brooklyn, with his mother and two siblings, obtained his High School Diploma from Thomas Jefferson High School in Brooklyn in 1994.[2] The defendant attended York College in the fall of 1994, but withdrew before obtaining any college credits.

From 1996 through 2002, the Frankie Torres was employed by the New York City Housing Authority, working in maintenance and as a caretaker in the Cypress and Engersoll housing projects in Brooklyn. From 2002 through 2006, Frankie Torres worked for various security guard firms and in construction.

At the time of his arrest, Frankie Torres was residing with his girl friend Katrina Peuges. Together they have a 3 year old daughter, Iyhana Jajae Torres. Until 2006, the time period of this offense, the defendant did not have any contact with law enforcement.

2.   Nature and Circumstances of the Offense

This offense involved conspiracy to commit bank fraud and substantive bank fraud violations. From September 2006 through November 2007, Frankie Torres agreed with others to open an account at Citibank. The bank account was used to deposit checks which were not supported by sufficient funds. Withdrawals were made on checks deposited into the account before it could be discovered that the accounts upon which the checks were drawn contained insufficient funds. Frankie Torres was reportedly paid $1,900.00 for a scheme involving checks totaling $3,000.00. See, P.S.R., ¶ 10, page 4.

At the time of his arrest, Frankie Torres made a post arrest statement and cooperated with law enforcement involving the investigation of the case.

3.   Sentencing Options

There are several factors which have been considered, that impact the sentence to be imposed. In this case, the defendant has requested that the court impose a sentence within the guidelines range, although the plea agreement contains a "carve out" and opportunity to request a sentence outside the guidelines range pursuant to 18 U.S.C. § 3553(a) and court's authority as articulated by *United States v. Booker*, 534 U.S. 220 (2005) and it's progeny.

As this court is aware, the defendant has three state court indictments pending for the felony sale of narcotics in Bronx County. See, P.S.R., ¶¶ 35 thru 40, pages 8 & 9.

---

[2] The defendant's father Julio Torres died when the defendant was approximately 12 years old. However, before his father's death they had little contact with each other. See, P.S.R., ¶ 42, page 10.

These cases involve the separate sale of street quantity crack cocaine on separate dates. Each case involves a Class B felony offense, on which the defendant faces mandatory state jail time.

Significantly each offense occurred while the defendant was released on bail during the pendency of this case. As a result, we believe that any argument advanced for a sentence outside and below the guideline range, would be fairly counterbalanced by the defendant's conduct while on bail. Therefore, the defendant, on balance, believes that the imposition of the guideline sentence fairly addresses his criminal conduct in this case.

Finally, Frankie Torres recognizes that in the post-*Booker* era, the imposition of the federal sentencing guidelines are no longer mandatory and that this court now has the discretion, in appropriate cases, to "impose a sentence sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, even where the sentence is outside the recommended guideline range. See, 18 U.S.C., § 3553(a); *United States v. Kimbrough*, 128 S.Ct. 558 (2007); *United States v. Gall*, 128 S.Ct. 586 (2007). However, under the facts of this case, Frankie Torres stands behind his agreement that a sentence in the 12 to 18 month range constitutes a reasonable a sentence.

### IV. Conclusion

For the reasons set forth above, Frankie Torres requests that the court impose a sentence of 12 months and one (1) day, as per his negotiated agreement with the government. In addition, the defendant requests that he receive jail time credit towards his federal sentence for the time he has spent in federal custody, since he was presented in the United States District Court by way of a writ of habeas corpus ad prosequendum.

The defendant believes that this sentence reflects the intention of parties in reaching the plea agreement and represents punishment which is sufficient but not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/S/ *Anthony L. Ricco*
Anthony L. Ricco, Esq.

Assisted By Jamie Santana, Esq.

ALR/es
cc:
A.U.S.A. Randall W. Jackson (By E.C.F.)