# ANTHONY L. RICCO
*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 791-3919   FAX. (212) 791-3940

May 28, 2008

**FILED BY E.C.F.**

Hon. Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:  **United States v. Frankie Torres**
          Docket No.  07  Cr.  957 (RJS)

Dear Judge Sullivan:

      The above captioned matter is presently scheduled for sentencing on Thursday, May 29, 2008 at 11:30 a.m.  This letter is submitted in reply to the government's response to the defendant's sentencing memorandum.

## I.  The Plea Agreement & Background

      As the court is aware, on January 4, 2008, the defendant Frankie Torres pled guilty before this court, pursuant to a plea agreement with the government, and allocuted to count one, conspiracy to commit bank fraud in violation to 18 U.S.C. § 1349 and count two, bank fraud in violation of 18 U.S.C. § 1344 and 2.

      In the plea agreement, the parties agreed that counts one and two are grouped pursuant to Guidelines § 3D1.2(a) and provides a base offense level of 7, pursuant to Guidelines § 2B1.1(a)(1)(B).  Since the offense involved an intended loss of more than $70,000, but not more than $120,000, the offense level is increase by 7 levels.  See, Guidelines § 2B1.1 (a)(1)(B).  The agreement also provided for a two (2) level reduction for acceptance of responsibility pursuant to Guideline §3E1.1(a).  The above calculation results in a total offense of 13.  With a Criminal History Category I, and an offense level of 13, the resulting sentence range in the plea agreement is 12 to 18 months.

      During the time period Frankie Torres was released on bail in this case, he was arrested on two separate occasions, on July 27, 2007 and again on October 12, 2007, for the sale of crack cocaine in violation of New York state law.   Both cases are pending in New York State Supreme Court, Bronx County, in a pre-trial posture with no trial date or motion schedule.

On May 20, 2008, this case was scheduled for sentencing. At that time, the court asked several questions which, in essence, raised the issue of what impact, if any, should the pending state court cases have upon the court's authority to impose a Guidelines sentence or a sentence pursuant to 18 U.S.C. 3553(a).

## II. Reliance Upon Unproven Charges in an Indictment

The Government accurately points out that it would be improper to impose a sentencing enhancement based solely on unproven charges in an unrelated indictment. *United States v. Juwa*, 503 F.3d 694, 700 (2d Cir. 2007). The government has contacted the Bronx County Assistant District Attorney who advises that should there be a conviction on either of the Bronx County indictment, the prosecutor shall seek a sentence of imprisonment consecutive to the sentence imposed in this case.

Frankie Torres agrees with the conclusion reached by the government in it's sentencing memorandum dated May 20, 2008, that a sentence within the applicable guideline range of 12 to 18 months captures a range which is "sufficient, but not greater than necessary," to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. See, 18 U.S.C., § 3553(a); *United States v. Kimbrough*, 128 S.Ct. 558 (2007); *United States v. Gall*, 128 S.Ct. 586 (2007).

Accordingly, for the reasons set forth in greater detail in the defendant's sentencing recommendation dated May 2, 2008 related to his background and history, the defendant requests that the court impose a sentence at the lower end of the stipulated guideline range in the plea agreement; to wit: a sentence of 12 months and one (1) day. Finally, since the state prosecutor has indicated that she will seek a consecutive sentence, the defendant requests that he receive jail time credit towards his federal sentence for all the time he has spent in federal custody, *nunc pro tunc* to the dated he was presented in the United States District Court on a writ of habeas corpus ad prosequendum.

The defendant believes that this sentence reflects the intention of parties in reaching the plea agreement and represents punishment which is sufficient but not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/S/ *Anthony L. Ricco*
Anthony L. Ricco, Esq.

Assisted By Jamie Santana, Esq.
ALR/es
cc:
A.U.S.A. Randall W. Jackson (By E.C.F.)

2